IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                          RESPONDENT

v.                                    Criminal No. 6:20-cr-60032
                                      Civil No. 6:23-cv-06130

JOSE LUIS AGUILAR
Aka "Pepe"                                                           MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Jose Luis Aguilar ("Aguilar") filed a *pro se* Motion to Vacate under 28 U.S.C. § 2255

("Motion") on December 4, 2023.  ECF No. 160.  Thereafter, Aguilar was appointed counsel.  ECF

No. 161.[1]  The Government responded to the Motion on March 4, 2024.  ECF No. 163.  No reply

has been filed.[2]  This matter is now ripe for consideration.

The Motion was referred for findings of fact, conclusions of law, and recommendations for

the disposition of the case.  The Court finds no evidentiary hearing is required.[3] The Court has

reviewed the Motion and the Response, and based upon that review, the Court recommends the

Motion be **DENIED**.

## 1.      Background

On October 7, 2020, Aguilar was named in Counts One and Five of a six-count Indictment

filed in the United States District Court for the Western District of Arkansas. ECF No. 12. Count

One charged Aguilar with conspiracy to distribute methamphetamine while Count Five charged

him with aiding and abetting in the possession with the intent to distribute 500 grams or more of a

---

[1] On January 11, 2024, the Court appointed Bruce Eddy, the Federal Defender for the Western District of Arkansas, to represent Aguilar.

[2] On June 6, 2024, counsel for Aguilar filed a Notice of Intent Not to File Reply. ECF No. 166.

[3] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record."  *Urquhart v. Lockhart,* 726 F.2d 1316, 1318-19 (8th Cir.1984).

mixture of substance containing methamphetamine. *Id.* On May 26, 2022, Aguilar appeared with counsel, John M. Pickett, before the Honorable Susan O. Hickey for a change of plea hearing. ECF No. 98. A written plea agreement was presented to the Court in which Aguilar agreed to plead guilty to Counts One and Five of the Indictment. ECF No. 99. A transcript of the hearing was filed with the Court. ECF No. 156.

According to the Final Presentence Investigation Report ("PSR"), Aguilar's base offense level was set at 36. ECF No. 124, p. 13. However, his base offense was increased 2 levels as it was determined Aguilar was an organizer, leader, manager, or supervisor resulting in an adjusted offense level of 38. *Id.* After receiving 3 levels off for acceptance of responsibility, Aguilar's total offense level was determined to be 35. *Id.* Aguilar's criminal history score was 3 establishing a criminal history category of II. *Id.* at p. 18.

For Count One, Aguilar faced a maximum term of 20 years imprisonment and for Count Five, Aguilar faced a minimum term of 10 years and a maximum of life imprisonment. *Id.* at p. 24. Aguilar's guideline provisions called for an imprisonment range of 188 to 235 months imprisonment. *Id.* Aguilar appeared for sentencing on February 28, 2023. ECF No. 143. At sentencing, the Court sentenced Aguilar to 235 months imprisonment on both Counts One and Five, to run concurrently, 3 years supervised release on Count One and 5 years supervised release on Count Five, to run concurrently, and $200 special assessment. ECF No. 146.

On March 14, 2023, Aguilar filed a timely notice of appeal. ECF No. 150. However, on August 14, 2023, Aguilar motioned the Eighth Circuit to dismiss the appeal.[4] The Eighth Circuit granted the motion and dismissed the case. ECF No. 159.

## 2.    Aguilar's Motion to Vacate under 28 U.S.C. § 2255

---

[4] *See* Motion to Dismiss Case, *United States v. Aguilar,* No. 23-1495 (8th Cir. Aug. 14, 2023).

Aguilar raises the following six grounds for relief in the instant § 2255 Motion to Vacate:

1) His guilty plea was not "knowing and voluntary" because counsel led him to believe he would only receive a 12-year sentence if he pled guilty;

2) Counsel was ineffective because he failed to investigate elements of his case that were important to his decision as to whether to plead guilty or proceed to trial;

3) Counsel was ineffective because he failed to object to the Government's claim that he had threatened a co-defendant prior to sentencing, which the Court considered in imposing his sentence;

4) Counsel was ineffective when he failed to oppose the Government's claim that he failed a urine test during pretrial release, which was considered by the Court at sentencing;

5) Counsel was ineffective by failing to raise mitigating factors at sentencing; and

6) The Prosecutor made false claims that affected the length of his sentence.

ECF No. 160, 160-1.

In response, the Government argues Aguilar's guilty plea is valid and his counsel's performance was not ineffective. ECF No. 163, p. 7. In addition, the Government contends the record contradicts Aguilar's claims that the sentencing Court considered false claims made by the Prosecutor that Aguilar threatened his co-defendants, failed a urine test, and was a "king pin" without supporting evidence. ECF No. 163, p. 17.

**3.     Applicable Law**

A § 2255 motion is fundamentally different from a direct appeal.  The Court will not reconsider an issue, which was decided on direct appeal, in a motion to vacate pursuant to § 2255. *See United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005); *Dall v. United States*, 957 F.2d 571, 572 (8th Cir.1992) ("Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255.").

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

**4.      Ground One – Aguilar's Plea Agreement**

As his first basis for relief, Aguilar claims his counsel led him to believe he would only receive a 12-year sentence if he entered into the plea agreement and consequently his plea was not knowing or voluntary.  ECF No. 160, p. 4. A defendant who enters a plea of guilty waives his right to request relief under 28 U.S.C. § 2255 except for those issues related to jurisdiction only. *See, e.g., United States v. Stewart,* 972 F.2d 216, 217-218 (8th Cir. 1992). The focus of a collateral attack must remain limited to the nature of counsel's advice and the voluntariness of the plea. *Bass v. United States,* 739 F.2d 405, 406 (8th Cir. 1984).

For a guilty plea to be valid, it must be made voluntarily, knowingly, and intelligently. *See, e.g., United States v. Martinez-Cruz,* 186 F.3d 1102, 1104 (8th Cir. 1999). A plea is voluntary when it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. *Id.* (citing *Brady v. United States,* 397 U.S. 742, 755 (1970)). A defendant's plea is valid if the record demonstrates that he "understood the charges against him, was not dissatisfied with the services rendered by this attorney and entered his plea knowingly and voluntarily." *United States v. McNeely,* 20 F.3d 886, 888 (8th Cir. 1994) (per curiam).

Here, by signing the plea agreement, Aguilar acknowledged he had discussed the facts of the case and the elements of the crime to which he was pleading guilty. ECF No. 99, pp. 1-2. He acknowledged he had committed each of the elements of the crimes and there was a factual basis for his guilty plea. *Id.* Aguilar also affirmed through the plea agreement he was not promised a

specific sentence and that no promises, agreements, understandings, or conditions had been made or entered into in connection with his decision to plead guilty. ECF No. 99, p. 10-13. Additionally, Aguilar acknowledged he was satisfied with the legal services provided by counsel. *Id.* at p. 13.

Furthermore, Aguilar acknowledged he had read the plea agreement and carefully reviewed every part of it with his counsel; that he fully understood the plea agreement and was not under the influence of anything that could impede his ability to fully understand the plea agreement; that no promises, agreements understandings, or conditions had been made or entered into in connection with his decision to plead guilty except those set forth in the plea agreement, and he had freely, voluntarily, and without reservation entered into the plea agreement and that his desire to do so was not the result of threats or coercion at him or anyone connected with him. *Id.*

In addition, at his change of plea hearing Aguilar's rights were explained to him in detail by Chief United States District Judge Susan O. Hickey. ECF No. 156. The Court also reviewed with him the statutory maximum term of imprisonment he faced for each of the charges to which he was pleading guilty. The Court then determined that his plea was voluntary, and Aguilar acknowledged that he was satisfied with counsel. ECF No. 156, pp. 5-6, 9-10, 16-20.

The law is clear, "…inaccurate advice of counsel about the sentencing guidelines or likely punishment does not render involuntary a defendant's decision to plead guilty, so long as the defendant is informed of the maximum possible sentence permitted by statute and the court's ability to sentence within that range." *United States v. Quiroga,* 554 F.3d 1150, 1155 (8th Cir. 2009). The Eighth Circuit has stated that "a defendant's reliance on an attorney's mistaken impression about the length of sentence is insufficient to render a plea involuntary as long as the court informed the defendant of his maximum possible sentence." *Quiroga,* 554 at 1155 (quoting *United States v. Granados,* 168 F.3d 343, 345 (8th Cir. 1999) (per curiam)).

Accordingly, the Court finds no basis for relief based on Ground One under 28 U.S.C. § 2255 because Agular entered a valid knowing and voluntary plea agreement.

**5.    Grounds 2-5 - Ineffective Assistance of Counsel**

To prove an ineffectiveness claim under *Strickland v. Washington,* Aguilar must demonstrate (1) his counsel's performance was so deficient so as to fall below an objective standard of reasonable competence; and (2) counsel's deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). The burden of proving ineffective assistance of counsel rests with the defendant. *See United States v. White,* 341 F.3d 673, 678 (8th Cir. 2003) (citing *United States v Cronic,* 466 U.S. 648, 659 (1984)).

The "deficient performance" prong requires Aguilar to "show that his 'counsel made errors so serious that counsel was not functioning as the 'counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice,* 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland,* 466 U.S. at 687). However, "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Rice,* 449 F.3d at 897 (quoting *Strickland,* 466 U.S. at 690). In addition, "[t]here is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* (quoting *Strickland,* 466 U.S. at 689). Court's also "do not use hindsight to question counsel's performance," but instead analyze it according to counsel's situation at the time of the allegedly incompetent act or omission. *Kenley v. Armontrout,* 937 F.2d 1298, 1303 (8th Cir. 1991).

Even if counsel's performance was deficient, the movant must also establish prejudice to overcome the presumption of reasonable professional assistance. A defendant must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." *Garrett v. United States,* 78 F.3d 1296, 1301 (8th Cir. 1996) (citing *Strickland,* 466 U.S. at 689).

### A. Ground Two – Counsel failed to investigate elements of his case that were important to his decision to plead guilty or go to trial.

For his second ground for relief, Aguilar claims his counsel failed to investigate elements of his case that were important to his decision to plead guilty or proceed to trial. Clearly, this claim involves actions or omissions of his counsel which allegedly occurred before Aguilar entered his guilty plea. As previously stated, a defendant who enters a plea of guilty waives his right to request relief under 28 U.S.C. § 2255 except for those issues related to jurisdiction only. *See, e.g., United States v. Stewart,* 972 F.2d 216, 217-218 (8th Cir. 1992); *Hill v. United States,* 928 F.2d 303 (8th Cir. 1991). The United States Supreme Court has consistently held "…that a guilty plea, intelligently and voluntarily made, bars the later assertion of constitutional challenges to the pretrial proceedings." *Lefkowitz v. Newsome,* 420 U.S. 283, 288 (1975).

Here Aguilar's claim is barred as the record demonstrates his guilty plea was voluntary and intelligent. In addition, at his change of plea hearing, Aguilar confirmed his satisfaction with his attorney's representation. ECF No. 156, p. 19. A defendant who testifies at a change of plea hearing that he was satisfied with his attorney's representation cannot later claim that the plea was involuntary due to failure of that same attorney to investigate the case. *United States v. Hughes,* 16 F.3d 949, 951 (8th Cir. 1994) (finding defendant's testimony at his change of plea hearing directly contradicted his assertion that his plea was involuntary due to counsel failing to investigate his case).

Based on the foregoing, Aguilar is unable to demonstrate deficient performance on the part of counsel in his decision to plead guilty rather than proceed to trial. Accordingly, Aguilar has not demonstrated he is entitled to relief based on Ground Two under 28 U.S.C. § 2255.

**B.  Ground Three – Alleged Threats made by Aguilar against co-defendants.**

For his third claim for relief, Aguilar alleges his counsel failed to object to the Government's claim that he had threatened a co-defendant prior to sentencing, which Aguilar claims the Court considered in imposing his sentence. However, a review of the Government's allocution at sentencing shows the Government never argued before the Court that Aguilar had threatened a co-defendant. ECF No. 157. Further, there is nothing in the transcript of the sentencing hearing, or the Presentence Report, regarding any threats made by Aguilar. Clearly, the Court did not consider such alleged threats when calculating Aguilar's sentence. *Id.*

His counsel could not object to something which was never before the Court. Accordingly, Aguilar is not entitled to relief under 28 U.S.C. § 2255 based on Ground Three.

**C.  Ground Four – Claim that Court considered a failed urine test during sentencing**

In Aguilar's fourth ground, he alleges his counsel performed ineffectively by failing to oppose the Government's claim that he failed a urine test during pretrial release, which Aguilar again claims was considered by the Court at sentencing. As with Ground Three, this claim is contradicted by the record.

The record confirms the Government never made any such claim at sentencing nor did the Court consider any failed urine test at sentencing. ECF No. 157, pp. 19-32. As a result, this claim for relief is also denied.

**D.  Ground Five – Counsel failed to raise mitigating factors during sentencing**

Under his fifth ground for relief, Aguilar claims his counsel failed to object to the use of prior criminal history used to determine his sentence and that counsel failed to offer mitigating factors such as his age and health issues at sentencing. Both claims under this ground for relief are refuted by the record.

First Aguilar claims counsel failed to object to the Court's use of two convictions outside of the 15-year lookback period. Aguilar claims counsel should have objected to the Court's use of convictions from 1995 and 1997. The record reveals in 1995 Aguilar received a 60-day jail sentence for unlawfully carrying a weapon and a 1997 conviction for possession of less than 2 ounces of marijuana for which he received a 60-day jail sentence. Aguilar received no criminal history points for either of these convictions. ECF No. 124, p. 16. The record also reveals he received 3 criminal history points for a 1993 conviction involving the trafficking of marijuana that was used in his criminal history computation, which resulted in a criminal history category of II. ECF No. 124, pp. 17-18.

This criminal history category was recognized by the Court. ECF No. 157, p. 15. At sentencing, the Government brought to the Court's attention Aguilar's lack of counted criminal history. ECF No. 157, pp. 21-22. And, in reviewing the § 3553(a) factors, the Court took into consideration those convictions for which Aguilar received no points. ECF No. 157, p. 26). *See United States v. Johnson,* 916 F.3d 701, 703 (8th Cir. 2019) (explaining that a "district court may consider prior convictions that received no criminal history points").

As the Court properly took into consideration Aguilar's prior uncounted convictions, Aguilar's counsel had no basis to object. Failure to make non-meritorious objections does not constitute inadequate performance by counsel and could not have prejudiced Aguilar. *See Smith v. Armontrout,* 888 F.2d 530, 545 (8th Cir. 1989) (counsel not ineffective in failing to pursue a matter upon which there is no reasonable likelihood of success); *see also Burton v. Dormire,* 295 F.3d 839, 846 (8th Cir. 2002) (cannot fault counsel for failing to raise issue if no relief could possibly have been obtained); *Blankenship v. United States,* 159 F.3d 336, 338 (8th Cir. 1998) (no prejudice from counsel's failure to pursue non-meritorious issue).

Second, Aguilar claims his counsel refused to raise his age and health issues as mitigating factors at sentencing. Again, the record refutes this claim. At sentencing, counsel stated before the Court, "Mr. Aguilar has serious health considerations. He is elderly. We think that those are factors that the Court can take into account when imposing this sentence." ECF No. 157, p. 18. Thus, contrary to Aguilar's claim, his counsel did raise his age and health issues as mitigating factors before the sentencing court.

Accordingly, Aguilar's claim of ineffective assistance of counsel under Ground Five fails.

**6.     Ground Six – Prosecutorial Misconduct**

For his final ground for relief, Aguilar claims the prosecutor made false claims that affected the length of his sentence. According to Aguilar, the prosecutor claimed he made threats to his co-defendants, claimed he failed a urine test, and exaggerated his role as "king pin" without supporting evidence.  The Government argues the record simply does not support Aguilar's allegations. The Court agrees.

To be entitled to relief due to prosecutorial misconduct, Aguilar must show "that (1) the prosecutor's remarks or conduct were improper; and (2) the conduct affected the defendant's substantial rights so as to deprive him of a fair trial." *United States v. Fenner,* 600 F.3d 1014, 1022 (8th Cir. 2010). It is well-recognized that, as a general rule, prosecutorial misconduct does not merit federal habeas relief unless the misconduct "so infected the [proceedings] with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright,* 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo,* 416 U.S. 637, 643 (1974)).

As previously stated, there is nothing in the record to support Aguilar's claims that the Government made statements before the Court that he threatened his co-defendants or failed a urine test. As to Aguilar's claim that the Government exaggerated his role as a "king pin" without

supporting evidence the record reflects the Government made the following statements at sentencing:

> …As the Court has found, this defendant was the organizer, leader and supervisor, and certainly, when we categorize the level of involvement, the level of management, this defendant sits at the very top…
>
> The PSR itself establishes that he began to use people like his son to do the physical deliveries of the drugs in order to insulate himself from getting caught and insulate himself from getting sentenced to prison. So, … his lack of criminal history, so to speak, is not reflective of his true criminal nature, his true criminal activities and all the felonies that he has … has committed.
>
> And then you look at not only his ability to recruit, to train and put his nephew and his son to work at such a high level of drug trafficking business, his willingness to use his son and his nephew in that capacity. That is very indicative of how difficult it's going to be for this court or any court to ever deter him to refrain from criminal conduct…
>
> So, again, we're left with 38 years of drug dealing. Thirty-eight years recruiting, training, employing your son and your nephew and your willingness to do that. This is not someone with remorse. This is not someone that can be changed. This is not someone that should be afforded undue consideration by this Court. He has earned and he should face and be sentenced to the maximum sentence under the calculated guideline range of 235 months. That is justice…

ECF No. 157, pp. 19-24.

Here, the Government simply argued for a top of the guideline sentence at sentencing. Consequently, the Court finds Aguilar's final claim based on prosecutorial misconduct to be without merit.

**7.   Recommendation**

Based on the foregoing, the Court recommends the Motion (ECF No. 160) be **DENIED.**

The Court further recommends no Certificate of Appealability issue in this matter.[5]

---

[5] A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke,* 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler,* 565 U.S. 134, 141 (2012). Aguilar has failed to make a substantial

The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

DATED this 12th day of July 2024.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

showing of the denial of a constitutional right. The Court is not persuaded that the issues raised are debatable among reasonable jurists, that a Court could resolve the issues differently, or that the issues deserve further proceedings.